IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROGER and ANN BLASER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 06-2422-JWL |
| | ) |
| MT. CARMEL REGIONAL MEDICAL CENTER, INC. and JOHN DOE and/or JANE DOE, | ) ) ) |
| | ) |
| Defendants. | ) |

## **PROTECTIVE ORDER**

**A.**   **Introduction:**

This case relates to the death of Plaintiff's daughter, Rachel Ann Blaser, at the Mt. Carmel Regional Medical Center in Pittsburg, Kansas, due in whole and/or in part to a multiple drug overdose. At the time of her death, Plaintiff's daughter was serving as a student CRNA at Mt. Carmel, and therefore had access to, and was assigned on a daily basis, various drugs and anesthetics, and used such drugs and anesthetics with patients of Mt. Carmel.

In order to preserve the confidentiality of any medical documents and information produced and exchanged during discovery in this case, and without waiving any objections to specific production requests, the parties agree to the Court's issuance of this Protective Order.

1

B.      **Medical Records of Patients of Mt. Carmel:**

During this case, if records with patients' confidential medical information are reviewed and/or disclosed, in compliance with the Health Insurance Portability and Accountability Act ("HIPAA") Privacy Regulations, and to protect the patients' general privacy rights, it is hereby stipulated and agreed to by and between the respective parties hereto and their counsel that disclosure of such documents and information will be conducted pursuant to the following terms, restrictions, and conditions:

1.      Protected medical information related to patients of Mt. Carmel will be disclosed only to counsel of record in this action (and those individuals certified by such counsel as employed by or assisting counsel in preparation for, or at the trial of, this action), and counsel will jointly work together to create an identification system for such patients that will preclude disclosure of all identifying data and non-necessary health information of such patients during discovery and the trial of this case.

2.      Any such documents or information shall be used only for the purpose of litigating this action.

3.      If said materials are shared with experts or consultants, counsel retaining said individual(s) shall retrieve all such information and records at the conclusion of this case and cause the same to be destroyed.

C.      **Medical Records of Plaintiffs and Rachel Ann Blaser:**

In regard to medical information and records relating to Plaintiffs and their deceased daughter, it is hereby stipulated and agreed to by and between the respective parties hereto and their counsel that any such documents or information

shall be used only for the purpose of litigating this action.

D.      **Filing Documents Under Seal.**

In the event a party wishes to use any information identified as Confidential any transcripts of any nature or portions thereof, exhibits, answers to interrogatories, responses to requests for admissions, and other documents filed or used in hearings in this action, that party shall file a motion seeking leave to file such information used therein under seal.  In the event the court grants the party's motion, such information shall be maintained under seal by the Court and shall be treated as Confidential.[1]

**IT IS SO ORDERED.**

Dated this 27th day of February, 2007, at Topeka, Kansas.

> s/ K. Gary Sebelius
> K. Gary Sebelius
> U.S. Magistrate Judge

---

[1] *See, e.g., Holland v. GMAC Mortg. Corp.,* 2004 WL 1534179, at *2 (D. Kan. June 30, 2004) (setting forth standard for obtaining leave to file documents under seal); *Worford v. City of Topeka,* 2004 WL 316073 (D. Kan. Feb. 17, 2004) (same).