IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROGER BLASER and ANN
BLASER,

                 Plaintiffs,

v.                                                        Case No. 06-2422-JWL

Mt. CARMEL REGIONAL
MEDICAL CENTER, INC., and
JOHN DOE and/or JANE DOE,

                 Defendants.

_____

## **ORDER**

       This matter comes before the court upon defendant Mt. Carmel Regional Medical Center,

Inc.'s Motion to Quash Subpoena Duces Tecum and for Protective Order (Doc. 16).

Specifically, defendant seeks to quash a subpoena directed at a non-party, Kansas University

CRNA Program, due to several alleged procedural and substantive deficiencies within the

subpoena.  Plaintiffs filed a response in opposition to defendant's motion (Doc. 18) to which

defendant has replied (Doc. 20).  The court therefore deems this matter ripe for disposition.

**Relevant Factual Background**

       The court provides the following background of relevant events leading up to defendant's

motion**.**  On October 16, 2006, counsel for plaintiffs Rick Temple filed a Motion for Leave to

Appear Pro Hac Vice (Doc. 3) which the court granted on October 17, 2006.  On January 17,

2007, plaintiffs' counsel sent a letter to defendant's counsel, informing defendant that plaintiffs

issued a "Subpoena Duces Tecum" upon "Kansas University CRNA Program."  Defendant did

not receive a copy of the subpoena at this time.  Five days later, on January 22, 2007, defendant

received a copy of the subpoena, which contained a response deadline of February 2, 2007 –

eleven days later.  On February 2, 2007, defendant filed the instant motion to quash the subpoena

duces tecum (Doc. 16), arguing that plaintiffs' subpoena directed at Kansas University CRNA

Program contained numerous procedural and substantive deficiencies.

**Discussion**

Defendant contends the court should grant its motion to quash plaintiff's subpoena duces

tecum directed at Kansas University CRNA program.  Specifically, defendant contends

plaintiffs' subpoena duces tecum should be quashed because (1) the subpoena fails to comply

with Fed. R. Civ. P. 45(b)(1) and Rule 5(b); (2) the subpoena fails to comply with D. Kan. R.

83.5.4(c); and (3) the subpoena otherwise seeks information that is overly broad, irrelevant, and

of a confidential nature.  The court will now address defendant's objections.

**1.     Whether plaintiffs' subpoena complies with Fed. R. Civ. P. 45(b)(1) and Rule 5(b)**.

Fed. R. Civ. P. 45(b)(1) requires that, "[p]rior notice of any commanded production of

documents and things or inspection of premises before trial shall be served on each party in the

manner prescribed by Rule 5(b)."  Rule 5(b) provides that a party can make service either by

delivery or mail to the opposing party's attorney.  Additionally, when service is by mail, it is

complete upon mailing.[1]  Defendant argues that plaintiffs' subpoena fails to comply with Rule

45(b)(1)'s notice requirements because while defendant received notice that plaintiffs were

planning to issue a subpoena to Kansas University CRNA Program, defendant was not provided

---

[1]Fed. R. Civ. P. 5(b).

with a copy of such subpoena until five days after plaintiffs served the subpoena.

As an initial matter, plaintiffs seemingly concede that they did not provide prior notice to defendant by stating, "Defendant Mt. Carmel's attorneys never at any time informed Plaintiffs that they wanted a copy of any of the Subpoenas before Plaintiffs received the documents in response."[2]  However, plaintiffs additionally state:

> On the same day of sending out the Subpoenas, Plaintiffs' counsel, orally and by letter sent both by e-mail and regular mail, informed Defendant Mt. Carmel's attorneys that he was issuing the three (3) Subpoenas *Duces Tecum*, who they were being issued to, and the date for response.  Attorney Temple also notified Defendant Mt. Carmel's attorneys that he would provide them copies of the Subpoenas with a copy of all documents produced in response to each Subpoena. No objection was voiced.[3]

Finally, the court notes that defendant ultimately received a copy of the subpoena on January 22, 2007 – five days after the subpoena was issued but eleven days before the date for compliance – February 2, 2007.

Defendant responds by noting, "This defendant does not contend that it was unaware of plaintiffs' intention to send subpoenas[.]"  Rather, defendants contend that  because a copy of the subpoena was not forwarded to defendant prior to the issuing of the subpoenas or at the time the subpoenas were issued, defendant was deprived of an opportunity to object to the contents of the subpoenas prior to responses being provided by those entities who received the subpoenas.   The court disagrees.

The court notes as an initial matter that few cases in this district have directly addressed whether notice under Rule 45(b)(1) must be provided prior to or contemporaneous to service of a

---

[2]Plaintiffs' Response in Opposition to Motion to Quash (Doc. 18) at p. 4.

[3]*Id.* at p. 2.

subpoena.  Certainly, wholesale failure to provide notice prior to the production deadline violates Rule 45(b)(1).[4]  Similarly, courts in this district have held that mailing notice one day prior to the date of compliance would also violate Rule 45(b)(1) as this action would prohibit opposing counsel from responding.[5]  Based upon a review of the cases, history, and the plain language of Rule 45(b)(1), courts in this district generally interpret the notice requirement of 45(b)(1) to be notice *prior* to service of a subpoena duces tecum.[6]  Therefore, the court finds plaintiffs have violated Rule 45(b)(1) by giving defendant late notice of the subpoena to the Kansas University CRNA Program.

However, such violations of Rule 45(b)(1) do not necessarily warrant quashing the subpoena.  Rather, when notice has been given after a subpoena is served but before the response period has expired, courts generally look to whether opposing counsel has had sufficient time to object.[7]  Specifically, when opposing counsel has notice and sufficient time to object, they are not prejudiced by the violation.[8]  In this case, defendant received some, albeit insufficient, notice of the subpoena the day the subpoena was served on January 17, 2007.  Defendant then received actual notice of the subpoena on January 22, 2007 – five days after the subpoena was served, but eleven days before the date of compliance.  Under these circumstances, the court finds that

---

[4]*See Seewald v. IIS Intelligent Info. Sys., Ltd.*, Nos. 93-4252(FB), 95-824(FB), and 94-3603(FB), 1996 WL 612497 at *4-5 (E.D.N.Y. Oct. 16, 1996).

[5] *Biocore Medical Technologies, Inc., et al., v.*, *Khosrowshahi et al.*, 181 F.R.D. 660, 667 (D. Kan. 1998).

[6]*Id.*

[7]*See Id.*

[8]*Id.* (citing *Seewald v. v. IIS Intelligent Info. Sys., Ltd.*, Nos. 93-4252(FB), 95-824(FB), and 94-3603(FB), 1996 WL 612497 at *5 (E.D.N.Y. Oct. 16, 1996))

defendant has not shown it was prejudiced by this violation, as defendant still had sufficient time to object.  As a result, the court shall overrule defendant's motion on these grounds.

2.        **Whether plaintiffs' subpoena complies with D. Kan. R. 83.5.4(c).**

Defendant contends plaintiffs' subpoena should be quashed because plaintiffs' counsel is admitted pro hac vice and plaintiffs' local counsel did not sign the subpoena.   D. Kan. R. 83.5.4(c) provides in relevant part:

> All pleadings or other papers signed by an attorney admitted pro hac vice shall also be signed by a member of the bar of this court in good standing who shall participate meaningfully in the preparation and trial of the case or proceedings to the extent required by the court.

In this case, it is undisputed that plaintiffs' local counsel did not sign the subpoena at issue.  However, plaintiffs argue that they have not violated D. Kan. R. 83.5.4 because their local counsel's signature was not necessary, as the subpoena is not a "pleading or paper."  The court disagrees and furthermore finds no authority to support plaintiffs' position.  Rather, the court finds that D. Kan. R. 83.5.4(c) "provides that local counsel must sign all documents signed by a pro hac vice attorney. ... It does not provide an exception for subpoenas."[9]

Therefore, because it is undisputed that plaintiffs' local counsel did not sign the subpoena at issue, and because this court's local rules clearly state that local counsel must sign all documents that pro hac vice counsel sign, the court finds plaintiffs' subpoena to be procedurally defective.

---

[9]*Biocore Medical Technologies, Inc.,et al., v.*, *Khosrowshahi et al.*, 181 F.R.D. 660, 669 (D. Kan. 1998).  While the court in *Biocore* understood "that this is not always convenient ... the need for local counsel's involvement outweighs any extra burden on counsel." *Id.*

Sanctions for violation of local rules are governed by Fed. R. Civ. P. 11(a).[10] Specifically, Rule 11(a) requires proper signatures on "[e]very pleading, written motion, and other paper."  However, Rule 11(a) also provides that an unsigned document is curable. Specifically, "An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party."[11]  Similarly, Fed. R. Civ. P. 26(g) requires proper signatures on every discovery document.  However, this is also curable, as Rule 26(g) authorizes a violating party to quickly correct the problem.[12]

In this case, it can scarcely be argued that plaintiffs have quickly or "promptly" corrected this problem.  Rather, it is plaintiffs' position that subpoenas are not subject to the signature requirements of this court's local and federal rules of civil procedure.  Because the court has found this argument to be without merit, the court finds that plaintiffs' subpoena should be quashed under these circumstances.  Therefore, the court shall grant defendant's motion to quash to that effect.

However, because the court shall grant defendant's motion to quash on procedural rather than substantive grounds, the court will not address defendant's substantive objections to plaintiffs' subpoena duces tecum at this time.  As a result, this court's ruling should not be construed to prevent plaintiffs from serving subpoenas in the future – to Kansas University CRNA program or to others – in full compliance with the court's local and federal rules. Accordingly,

---

[10]*See* D. Kan. R. 11.1(b), (c).

[11]Fed. R. Civ. P. 11(a).

[12]Fed. R. Civ. P. 26(g).

**IT IS THEREFORE ORDERED** that defendant's Motion to Quash Subpoena Duces Tecum (Doc. 16) is hereby granted.

**IT IS SO ORDERED.**

Dated this 21st day of March, 2007, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge