**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ROGER and ANN BLASER, ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 06-2422-JAR |
| ) | |
| MT. CARMEL REGIONAL MEDICAL ) | |
| CENTER, INC. and JOHN DOE and/or ) | |
| JANE DOE, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

This matter comes before the court on plaintiffs' Motion to Compel (Doc. 29). Specifically, plaintiffs move for an order compelling defendant, Mt. Carmel Regional Medical Center, Inc., to produce documents responsive to plaintiffs' Request for Productions Nos. 1, 2, 4, and 5. Defendant has filed a Response in opposition to plaintiffs' Motion to Compel (Doc. 35), to which plaintiffs have replied (Doc. 42). The court thus deems this matter ripe for disposition. For the reasons set forth below, the court will grant plaintiffs' Motion to Compel (Doc. 29).

**Discussion**

Plaintiffs filed this wrongful death action in United States District Court for the District of Kansas on October 2, 2006. Plaintiffs contend that defendant is at fault for the death of their daughter, Ann Blaser, a CRNA student at the defendant hospital's facility. As a component of discovery, plaintiffs served upon defendant Plaintiffs' First Request for Production of Documents to Defendant Mt. Carmel (Doc. 29-2). Four of these document requests, Nos. 1, 2, 4,

and 5, provide the foundation for the instant motion. The court will now consider each of these document requests in turn.

**Certification Requirement.**

As an initial matter, the court now considers whether plaintiffs have met their certification requirement. As required by Fed. R. Civ. P. 37(a)(2), prior to making a motion to compel a party opponent to provide requested discovery materials, the party seeking discovery must certify that they have made a good faith effort to confer or attempt to confer with the "party not making the disclosure in an effort to secure the disclosure without court action." Similarly, D. Kan. Rule 37.2 provides that the court will not entertain any motion to resolve a discovery dispute under Fed. R. Civ. P. 26 through 37 "unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[1] Under the local standard, a 'reasonable effort to confer' requires more than "mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[2]

In this case, the court finds plaintiffs have fulfilled the certification requirements of good faith conferral with the opposition, as delineated in Fed. R. Civ. P. 37(a)(2). Specifically, the court finds plaintiffs and defendant have corresponded regarding the scope of this discovery and have attempted to reach compromises. Ultimately, however, these attempts have been

---

[1] D. Kan. Rule 37.2.

[2] *Id.*

unsuccessful.[3] Therefore, this court holds that plaintiffs have fulfilled the certification requirements and that the motion is now ripe for judicial disposition.

### Plaintiffs' Request for Production No. 1

Plaintiffs' Request for Production No. 1 seeks the following:

> "Any and all files, documents, and/or records (including electronic records) in any way relating to Rachel Ann Blaser as a student CRNA at Mt. Carmel Regional Medical Center."[4]

Defendant responded as follows:

> The complete student file maintained at Mt. Carmel Medical Center for Rachel Blaser was produced to plaintiffs in conjunction with the Rule 26 disclosures. Should you require an individualized listing of those materials, one can be created upon request. The defendant has no further material to produce which are not protected by privilege. **In this instance, the defendant asserts the privilege of attorney/work production performed in anticipation of litigation, attorney/client communications, peer review, and hospital risk management privileges**. (emphasis added) [5]

Fed. R. Civ. P. 26 permits discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Therefore parties have broad, although not unlimited, discretion in conducting discovery. One exception to this broad discretion is that parties may be prohibited from discovering privileged information. However, if the objecting party seeks to claim one of the available privileges, they are required under Fed. R. Civ. P. 26(b)(5) to "make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing

---

[3] *See* Defendant's Response to Motion to Compel (Docs. 35-2,3) at p. 2.

[4] Plaintiffs' Motion to Compel (Doc. 29) at p. 2.

[5] *Id.*

information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Such detailed information is necessary because the court, not the parties to the litigation, shall ultimately determine whether materials are privileged.[6] A blanket claim as to the applicability of the privileges/work product doctrine does not satisfy the burden of proof.[7]

In this case, the court is restrained from accepting blanket assertions of privilege such as the ones defendant asserts. The objecting party has the burden to establish the existence of the privilege/immunity prior to the time that the court is asked to determine its sufficiency and applicability.[8] In order to comply with Local Rules and F.R.C.P. 26(b)(5), the District of Kansas generally requires that the objecting party "'describe in detail' the documents or information sought to be protected and provide 'precise reasons' for the objection to discovery."[9] This information is usually made available by providing a privilege log. This applies equally to work product privilege, attorney-client privilege, peer review privilege, and risk management privilege. The log, under Local Rules and District of Kansas precedent, should include the following.

    1. A description of the document explaining whether the document is a memorandum, letter, e-mail, etc.;

---

[6] *Haid v. Wal-Mart Stores, Inc.,* No. 99-4186-RDR, 2001 WL 964102 at *2,(D. Kan. June 25, 2001).

[7] *McCoo v. Denny's, Inc.,* 192 F.R.D. 675, 680 (D. Kan. 2000) (citations omitted).

[8] *Rural Water Sys. Ins. Benefit Trust v. Group Ins. Adm'rs, Inc.,* 160 F.R.D. 605, 608 (D. Kan. 1995).

[9] *McCoo,* 192 F.R.D. at 680 (citing *National Union Fire Ins. Co. V. Midland Bancor, Inc.*, 159 F.R.D. 562, 567 (D. Kan. 1994)).

2. The date upon which the document was prepared;

3. The date of the document (if different from #2);

4. The identity of the person(s) who prepared the document;

5. The identify of the person(s) for whom the document was prepared, as well as the identities of those to whom the document and copies of the document were directed, 'including an evidentiary showing based on competent evidence supporting any assertion that the document was created under the supervision of an attorney''

6. The purpose of preparing the document, including an evidentiary showing, based on competent evidence, 'supporting any assertion that the document was prepared in the course of adversarial litigation or in anticipation of a threat of adversarial litigation that was real and imminent; a similar evidentiary showing that the subject of communications within the document relates to seeking or giving legal advice; and a showing, again based on competent evidence, 'that the documents do not contain or incorporate non-privileged underlying facts';

7. The number of pages in the document;

8. The party's basis for withholding discovery of the document (i.e., the specific privilege or protection being asserted); and

9. Any other pertinent information necessary to establish the elements of each asserted privilege.[10]

In response to Request for Production No. 1, defendant Mt. Carmel Medical Center in this case failed to provide a privilege log or otherwise indicate for which specific documents and under what rationale it asserts the attorney-client, work product, risk management and peer review privileges. Due to this failure, defendant's objections "cannot be clearly addressed" and none of these general objections suffice to prevent the production of the documents requested by Plaintiffs' Request No. 1.[11] The court is therefore constrained to grant Plaintiffs' Motion to Compel regarding Plaintiffs' Request for Production No. 1.

---

[10] *Heartland Surgical Speciality Hospital, LLC v. Midwest Division, Inc.,* No. 05-2164-MLB, 2007 U.S. Dist. LEXIS 13386 at *4,(D. Kan, Feb. 23, 2007).

[11] *Moses v. Halstead,* 236 F.R.D. 667, 676 (D. Kan. 2006); *see also Heartland Surgical Speciality Hospital, LLC v. Midwest Division, Inc.,* No. 05-2164-MLB, 2007 WL 1246216 *6 (D. Kan, Apr. 27, 2007); *Starlight Int'l Inc., v. Herlihy,* No. 97-2329-GTV, 1998 WL 329268 *3 (D. Kan. June 16, 1998).

**Plaintiffs' Request for Production No. 2**

Plaintiffs' Request for Production No. 1 seeks the following:

> "Any and all files, documents, or records (including electronic records) relating to the events leading to, surrounding, and/or in response to the death of Rachel Ann Blaser."[12]

Defendant Mt. Carmel responded as follows:

> "Written communications between the Pittsburg Police Department and Mt. Carmel Regional Medical Center were previously produced in this defendant's Rule 26 disclosures.  The defendant has nothing further to produce which is not protected by privileges as asserted in response to RFPD No. 1."[13]

Similar to Request for Production No. 1, defendant has failed to provide a privilege log or otherwise indicate pursuant to Rule 26(b)(5) which documents and under what rationale they assert the attorney-client, work product, risk management and peer review privileges.  Since the District Court of Kansas provides clear precedent on this issue, the court is again constrained to overrule defendant's objections.  The court thereby holds that none of defendant's objections and assertions of privileges suffice to prevent defendant from providing documents responsive to plaintiffs' Request No. 2.[14]  The court will therefore grant Plaintiffs' Motion to Compel as to plaintiffs' Request for Production No. 2.

**Request for Production No. 4**

---

[12] Plaintiffs' Motion to Compel (Doc. 29) at p. 2.

[13] *Id.* at 3.

[14] *Moses v. Halstead,* 236 F.R.D. 667, 676 (D. Kan. 2006); *see also Heartland Surgical Speciality Hospital, LLC v. Midwest Division, Inc.,* 2007 WL 1246216 *6, No. 05-2164-MLB-DWB (D. Kan, Apr. 27, 2007); *Starlight Int'l Inc., v. Herlihy,* No. 97-2329-GTV, 1998 WL 329268 *3 (D. Kan. June 16, 1998).

In plaintiffs' Request for Production No. 4, plaintiffs seek "All Anesthesia Department Controlled Substance Daily Administrative Records for Julie (Dent) (Papish) Burd for the time period she trained at Mt. Carmel Regional Medical Center as a student CRNA."[15]  Defendant objects to this request on the ground of relevance, arguing that the request is not relevant to the issues in the lawsuit nor likely to lead to the discovery of admissible evidence.  Defendant further objects that the request would cause undue prejudice as against defendant hospital, Mt. Carmel.

The court will first briefly consider defendant's objection that Request No. 4 would be unfairly prejudicial.  Defendant fails to provide the court, either in its original objections or its response to the motion to compel, how the drug record of an individual employee would cause unfair prejudice against them.  If the records show no aberrations from hospital policy, the records will not be prejudicial against Mt. Carmel.  If the records do show aberrations from hospital policy, they are potentially relevant to the instant case and this relevance would fair outweigh any prejudice to defendant.  This fact, coupled with defendant's failure to provide any evidence whatsoever of potential prejudice causes the court to overrule this objection.

Defendant further objects to Request No. 4 on the basis of relevancy.   Plaintiffs allege that the request is relevant because the initials of Ms. Burd were present on decedent's Controlled Substance Daily Record on the date of her death.  Fed. R. Civ. P. 26(b)(1) provides that:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody,

---

[15] Plaintiffs' First Request for Production of Documents to Defendant Mt. Carmel (Doc.29-2) at p. 3.

condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter....Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence....[16]

Under the Federal Rules of Civil Procedure, relevancy is broadly construed, and a discovery request should be "considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[17]  When the discovery sought appears relevant, the party resisting discovery has the burden to:

> Establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[18]

In the instant case, there is a controversy regarding the cause of decedent's death as well as in the origin of the drug vial found at Rachel Ann Blaser's place of death.  Moreover, the records could illustrate a pattern of negligent hospital supervision or aberrations from hospital policy, or lack thereof. Therefore, the court finds the relevancy of plaintiffs' Request No. 4 to be readily apparent.  As a result, defendant bears the burden of establishing a lack of relevancy.

Defendant argues that the request is irrelevant because Ms. Burd is not a party in this case and that there is no reasonable basis to conclude that Ms. Burd was involved in Ms. Blaser's death.  The court rejects this argument.  The fact that a person is not a party in litigation is not dispositive of whether documents are relevant to the controversy at hand or likely to lead to the

---

[16] Fed. R. Civ. P. 26(b)(1).

[17] *Sonnino v. Univ. of Kan. Hosp. Auth.,* No. 02-2576-KHV, 2004 U.S. Dist. LEXIS 6220 at *6 (D. Kan. Apr. 8, 2004) (quoting *Hammond v. Lowe's Home Ctrs., Inc.,* 216 F.R.D. 666, 670 (D. Kan. 2003)).

[18]*Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004).

discovery of admissible evidence.  Defendant further objects that even if the records were provided, they would not be able to indicate aberrations from hospital policy or of illegal drug utilization, as every student's record varies depending upon the patients seen that day.  While this might be true, there is a possibility that notes or signatures on the document would be relevant evidence or lead to the discovery of relevant evidence.  Under the Federal Rules, discovery is broad and the court finds no countervailing consideration to weigh against the potential relevancy of this request and therefore overrules defendant's objection.  The court therefore finds this request to be relevant.

As a final matter regarding this request, the record indicates that plaintiffs have offered a compromise in relation to this request.  Specifically, plaintiffs state they will accept, in lieu of all of Ms. Burd's Controlled Substance Daily Records, records for the two week period prior to Rachel Ann Blaser's death (September 20, 2004 - October 4, 2004).  The court finds this to be a reasonably narrow and relevant compromise and will therefore order defendant to produce to plaintiffs all of Ms. Burd's Controlled Substance Daily Records from September 20, 2004 - October 4, 2004.

**Request for Production No. 5**

In Request for Production No. 5, plaintiffs seek: "All Anesthesia Department Controlled Substance Daily Administrative Records for Justin Reading for the time period he trained at Mt. Carmel Regional Medical Center as a student CRNA."[19]  As with Request No. 4, defendant objects to this request on the grounds that it would cause unfair prejudice against Mt. Carmel and on the grounds of relevance.  The court will consider the unfairly prejudicial objection first.

---

[19] Plaintiffs' First Request for Production of Documents to Defendant Mt. Carmel (Doc.29-2) at p. 4.

As with plaintiffs' Request for Production No. 4, defendant fails to provide the court with a rationale, either in its original objections or in its response to the motion to compel, of why the records of an individual employee would cause unfair prejudice against MCMC.  If the records show no aberrations from hospital policy, the records will not be prejudicial against Mt. Carmel. If the records do show aberrations from hospital policy, they are potentially relevant to the instant case and this relevance would fair outweigh any prejudice to defendant.  This fact, coupled with defendant's failure to provide any evidence whatsoever of potential prejudice causes the court to overrule this objection.

Defendant further objects to the document request on the grounds of relevance.  The relevancy standard is delineated above.  Like Request No. 4, plaintiffs argue that Request No. 5 is relevant because Mr. Reading's initials were present on decedent's Controlled Substance Daily Record on the date of her death.  In the instant case, there is a controversy regarding the cause of decedent's death as well as in the origin/content of drug vial found at Rachel Ann Blaser's place of death.  Moreover, the record could illustrate a pattern of negligent hospital supervision or aberrations from hospital policy.  All of these are potentially relevant in this wrongful death action.  Therefore, the court finds this request appears relevant and the burden falls on defendant, as the party resisting discovery, to demonstrate a lack of relevance.

Defendant contends this request is irrelevant because Mr. Reading is not a party in this case and that there is no reasonable basis to conclude that Mr. Reading was involved in Ms. Blaser's death.  The court rejects this argument.  As the court has previously stated, the fact that a person is not a party in litigation is not dispositive of whether documents are relevant to the controversy at hand or likely to lead to the discovery of admissible evidence.  Defendant further

objects that even if the records were provided, they would not be able to indicate aberrations from hospital policy or of illegal drug utilization, as every student's record varies depending upon the patients seen that day. While this might be true, there is a possibility that notes or signatures on the document would be relevant evidence or lead to the discovery of relevant evidence.[20] Under the Federal Rules, discovery is broad and the court finds no countervailing considerations to weigh against the potential relevancy of this request. The court therefore finds the request to be relevant and overrules defendant's objections.

As with the previous request, the court will accepts plaintiffs' shortened two week Controlled Substance Daily Records request for Mr. Reading (from September 20, 2004 - October 4, 2004) as reasonably narrow and relevant. Therefore, the court will order defendant to produce Mr. Reading's Controlled Substance Daily Records from September 20, 2004 - October 4, 2004.

**Sanctions**

As a final matter, the court will address the appropriateness of sanctions in this case. Federal Rule of Civil Procedure 37(a)(4)(A) provides:

> If a motion to compel is granted . . . , the court *shall*, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust. (emphasis added).

The court will therefore order defendant and its counsel to show cause why sanctions

---

[20] Defendant itself admit that the records might be useful in completing handwriting comparisons.

should not be imposed for failure to provide the requested discovery.  Accordingly,

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Compel (Doc. 29) is hereby granted.  Specifically,

(1) On or before **June 6, 2007**, defendant is hereby ordered to produce all documents responsive to plaintiffs' Request for Production Nos. 1 and 2;

(2) On or before **June 6, 2007**, defendant is hereby ordered to produce all documents responsive to plaintiffs' Request Nos. 4 and 5 from September 20, 2004 - October 4, 2004; and

(3) Defendant's counsel shall **SHOW CAUSE** to the court, in writing, on or before **June 18, 2007,** why defendant and/or defendant's counsel should not be required to pay the reasonable attorneys' fees and expenses plaintiffs have incurred in filing the instant Motion to Compel as a sanction for defendant's failure to provide the required discovery.  Plaintiffs shall have eleven (11) days thereafter to file a response thereto.

**IT IS SO ORDERED.**

Dated this 17th day of May, 2007, at Topeka, Kansas

                                        s/ K. Gary Sebelius

                                        K. Gary Sebelius
                                        U.S. Magistrate Judge